IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| KASHA LOUISE JOHNSON, | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| V. | § | No. 3:24-cv-1499-B-BN |
| MNSF II WI LLC, ET AL., | § | |
| Defendants. | § | |

## **ORDER TRANSFERRING CASE**

Plaintiff Kasha Louise Johnson filed a *pro se* complaint in this district that appears to raise claims related to Johnson's interest in real estate in Collin County, Texas. *See, e.g.*, Dkt. No. 3 at 2 ("I am being ejected 06/19/2024 without remedy or acknowledgment to my inquiries regarding my equitable interest. I have been ignored and blocked from recording my equitable interest in the county clerks division in Collin County also causing further duress and irreparable injury to my family and my estate.").

United States District Judge Jane J. Boyle referred Johnson's lawsuit to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference.

Venue for this action is governed by 28 U.S.C. § 1391(b), *see Davis v. La. State Univ.*, 876 F.2d 412, 413 (5th Cir. 1989), under which venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district where the

action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction.

The Court may transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought," 28 U.S.C. § 1406(a).

And a district court may raise the propriety of venue on its own motion. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) ("Decisions to effect 1404 transfers are committed to the sound discretion of the transferring judge" and "may be made *sua sponte*." (citation omitted)).

So, to the extent that Johnson brings claims that appear to relate to real estate in Collin County, Texas, which is within the Sherman Division of the Eastern District of Texas, *see* 28 U.S.C. § 124(c)(3), this action will be transferred to that federal judicial district and division under Section 1391(b) and the undersigned's authority granted by Rule 2(a)(3) of the Court's Miscellaneous Order No. 6 on **January 3, 2025**, to allow any party to file an objection to Judge Boyle within 14 days after being served with a copy of this order, *see* FED. R. CIV. P. 72(a).

Only if an objection is filed will the order of transfer be stayed pending further order of the Court.

SO ORDERED.

DATED: December 12, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE