# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| KASHA LOUISE JOHNSON, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:25-CV-00012-SDJ-AGD |
| MNSF II WI LLC, et al., | § § § | |
| Defendants. | § | |

## ORDER FOR AMENDED COMPLAINT

On June 17, 2024, *pro se* Plaintiff Kasha Louise Johnson ("Plaintiff") filed her Complaint—the live pleading (Dkt. #3). On January 6, 2025, the instant lawsuit was transferred from the Northern District of Texas to the Eastern District of Texas (Dkt. #12). Plaintiff's live pleading is difficult to understand. As best the court can discern, Plaintiff may be seeking protection from eviction proceedings in state court, but the Civil Cover Sheet claims civil rights violations (Dkt. #3). Upon review of the Complaint, it is unclear what legal claim or claims Plaintiff asserts against which Defendants. Further, the basis for the court's subject matter jurisdiction to hear this case is unclear.

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction; "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8(a). The court has subject matter jurisdiction over those cases arising under federal law. U.S. CONST. Art. III § 2, cl. 1; 28 U.S.C. § 1331. The court also has subject matter jurisdiction over those cases where complete diversity of citizenship exists between Plaintiff and

Defendants and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

Plaintiff's Complaint does not identify any question of federal law which gives rise to any claim(s), nor does it allege the requirements for jurisdiction based on diversity. Regarding diversity jurisdiction, the Complaint alleges Plaintiff is a resident of McKinney, Texas, but no factual allegations as to the citizenship of each Defendant can be found. The Complaint merely states: "This court has jurisdiction over the subject matter of the action and the parties thereto." (Dkt. #3 at p. 4). At present, Plaintiff has not pleaded jurisdiction based on a federal question or alleged that the requirements for diversity jurisdiction are satisfied. These concerns could potentially be cured by the filing of an Amended Complaint.

Because it is unclear what claims and factual allegations Plaintiff asserts and that the court has jurisdiction over this matter, and in light of Plaintiff's *pro se* status, the court concludes that Plaintiff should be provided an opportunity to replead. Courts often afford *pro se* plaintiffs an opportunity to amend. *See, e.g.*, *Smith v. City of Princeton*, No. 4:17-CV-85-ALM-CAN, 2017 WL 9285413, at *3 (E.D. Tex. June 8, 2017), *report and recommendation adopted*, No. 4:17-CV-85, 2017 WL 3033397 (E.D. Tex. July 18, 2017); *Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d 561, 577 (S.D. Tex. 2012). In her Amended Complaint, Plaintiff should identify the legal basis for her claims, provide facts that would support a claim against each of the Defendants, as well as advise how the court has jurisdiction over such a claim(s). Plaintiff should include every issue she wishes to raise as an amended complaint entirely supersedes and takes the place of an original complaint. *Clark v. Tarrant Cnty.*, 798 F.2d 736, 740 (5th Cir. 1986). Plaintiff is further instructed that her Amended Complaint must comply with the Federal Rules of Civil Procedure and the Eastern District of Texas Local Rules.

It is therefore **ORDERED** that *pro se* Plaintiff Kasha Louise Johnson shall file an Amended Complaint, no later than ***February 24, 2025, at 5:00 p.m.***, clearly setting forth:

(1) The basis for this court's jurisdiction over this litigation;

(2) The legal basis for the claim(s) or cause(s) of action asserted against each Defendant; and the specific factual allegations regarding each Defendant for each claim asserted; and

(3) The specific relief sought in connection with the claim or claims asserted against each Defendant.

It is finally **ORDERED** that Plaintiff's failure to comply with this Order may result in a recommendation of dismissal of the claims filed by Plaintiff without further notice.

**IT IS SO ORDERED**.

**SIGNED this 27th day of January, 2025.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE